J. N. ALBRIGHT, Appellee v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY CO., Appellant.

Wrongly docketed as:

THE ATCHISON, TOPEKA & SANTA FE RAILWAY CO., Appellant v. J. N. ALBRIGHT, Appellee.

**Evidence:** EXAMINATION OF WITNESSES: DISCRETION. In an action to recover money paid a railway agent for tickets which the company refused to deliver, the question of whether plaintiff had any property other than her salary was immaterial; but if excluded as improper cross-examination a reversal should not be ordered because of the trial court's discretion in matters of cross-examination.

**Set-off.** The personal matters between plaintiff and the agent of a defendant railway company cannot be settled in a suit against the company.

**Railroads:** AGENCY: UNAUTHORIZED ACTS. An agent of a railway company having power to sell prepaid coupon ticket orders for cash, has no authority to bind the company by depositing such orders as security for his personal debts; and it is the duty of a person so dealing with the agent to know that he is acting within the scope of his authority.

**Same:** APPEAL: VERDICT: REVIEW. A verdict on conflicting evidence will not be set aside on appeal, even though the appellate court might have found otherwise on a trial *de novo;* especially when the trial court heard the witnesses and overruled a motion for new trial.

*Appeal from Polk District Court.*— HON. HUGH BRENNAN, Judge.

WEDNESDAY, MARCH 11, 1908.

ACTION at law to recover the purchase price of certain railway tickets purchased by plaintiff of one of defendant's agents, which tickets defendant refused to deliver upon demand. Defendant denied the sale of the tickets, and pleaded that the order therefor was given by its agent to plaintiff without authority as collateral security for a personal loan. Upon these issues the case was tried, resulting in a verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Thos. R. Morrow* and *W. S. Hamilton,* for appellant.

*Allen & Lingenfelter,* for appellee.

DEEMER, J.— One E. L. Palmer was city passenger agent of the defendant company for the city of Des Moines, and as such issued an order upon the Wabash Railway for six railway tickets from Des Moines to Los Angeles, Cal., and return, via the Wabash and the defendant railway. This or-

der was delivered to plaintiff, and he, plaintiff, as he claims, paid therefor the sum of $500 in the form of a check issued to E. L. Palmer, agent of defendant company, which was indorsed by him as agent for said company. At the same time the agent, Palmer, gave plaintiff a written statement to the effect that the company would refund the money in the event the order was not used. The time limit of this order was something like three months. Near the expiration of that time plaintiff, according to his testimony, concluded not to use the order, and he called upon the agent for the return of his money, and secured $100 thereof some time in August of the year 1904, and later, and about November of the same year, he received an order for five tickets, instead of six, and $110 more in money. He afterward demanded the tickets of defendant or the return of the money paid by him therefor. This was refused, and this action was then commenced to recover the sum of $492.59, less the $110 paid by the agent of the company. The case was submitted to the jury, for it to determine whether or not there was a *bona fide* order for the tickets, or whether the transaction was simply a loan by plaintiff to defendant's agent secured by these orders for tickets. The finding was that the transaction was not a loan, and a verdict for plaintiff in the sum of $315.28, being the sum of $290, with interest, was returned. Appellant contends that the verdict should have been for it, and that the trial court was in error in its rulings on evidence, and in refusing certain instructions asked by it.

Plaintiff, while on the witness stand, was asked upon cross-examination if he had any property, or any property outside of his $1,200 per year salary. To this an objection

1. EVIDENCE: examination of witnesses: discretion.

that it was not proper cross-examination, was incompetent, irrelevant, and immaterial, was sustained. This was material only as we view it upon the question as to whether or not he had the money wherewith to buy the tickets. There can be no doubt, under this record, that plaintiff had the

money; for he gave it to the agent either as a loan or in payment of the order for tickets. That he was a man of small means would not indicate that he did not intend to travel. Many people travel who perhaps cannot afford to do so, and many wealthy people do not travel at all. The objection may have been sustained because not cross-examination, and, if this be true, there should be no reversal, as much of necessity must be left to the large discretion of the trial court in such matters.

II. It is claimed that defendant should have had a further credit of $20 upon the order, because plaintiff was owing Palmer the sum of $20 on another transaction. But manifestly this cannot be so. The personal affairs between plaintiff and Palmer could not be settled in this action.

2. SET-OFF.

III. The trial court refused all of the instructions asked by defendant, and, in lieu thereof, gave the following on its own motion: " Third. The testimony in this case shows without dispute that the authority of the said Palmer, as agent of this defendant company, was to sell orders for railway tickets for cash only, and if you find that the said Palmer in the month of April, 1904, issued to the plaintiff herein an order for railway tickets, and such order was given to the plaintiff, not for cash, but as security for a debt, and that the order involved in this action and introduced in evidence in this case was issued to take up the first order aforesaid, then you are instructed to find that the issue of the second order was without authority, and does not bind the defendant company. An agent of a corporation, having power to sell prepaid coupon ticket orders belonging to his employer, for cash, has no authority to bind his company by a transaction in which he deposits the orders of the said company as security for his own debts, and, if he does so deposit said orders, the action on his part is without legal authority, and the company he represents is not bound by his action. And it is the duty of

3. RAILROADS: agency: unauthorized acts.

a person dealing with such an agent to know that the agent in so transacting business is acting within the authority conferred upon him by his principal." This embodied the thought contained in defendant's requests, and stated the law as we understand it. See *Wyckoff v. Davis,* 127 Iowa, 399.

IV. The only debatable question in the case, and the only one worthy of serious consideration, is the sufficiency of the testimony to support the verdict. Plaintiff testified,

4. SAME: appeal: verdict: review.

and to some extent he is corroborated by others, that he with others was expecting to take a trip to California, that the regular round-trip rate at the time he purchased the tickets was $98.50 each; that he was in the habit of buying tickets from Palmer, and that he purchased the orders, thinking he would use the tickets, and that, if he did not do so, the company through its agent agreed to and would return the purchase price. After he received the order for the five tickets, he concluded he would not make the trip, and he demanded the return of his money. The agent returned $110 of the amount paid, and, being unable to secure any more, he, plaintiff, then tried to get the five tickets or. the return of his money, but his efforts were unavailing. It does not appear that plaintiff extended any personal credit to Palmer. He made his check for $500 payable to Palmer as agent of the defendant company, and Palmer as such agent indorsed it, and received the money thereon. Palmer made no note to plaintiff, nor were there other evidences of the transactions, save as heretofore indicated. These are regular on their face, and show a transaction clearly within the scope of the agent's authority. Plaintiff testified that he bought the tickets for the use of his wife and family, and another or others who had talked about going with them. Palmer, the agent, was a witness for the defendant, and he testified, in substance, that he personally borrowed $500 of plaintiff, and gave the ticket orders as security for his loan. He said, however, in that connection, that Albright spoke of the number of tickets he could use. Palmer got the money

on plaintiff's check, and admits that he never turned it over to the defendant. Plaintiff testified unequivocally that he was talking about going to California and expected to go, and that he had not given up the notion when he received the order for the five tickets. If the case were triable *de novo*, we should be inclined to find for the defendant; but, as will be observed, the conclusion depends upon the credit to be given plaintiff's testimony, and this as also the weight thereof was for the jury. The trial court also saw and heard the witnesses, and overruled defendant's motion for a new trial. In view of the entire record, we do not feel like interfering with the verdict, although we should have been better satisfied with a verdict the other way.

The judgment must be, and it is, *affirmed.*